### RAWSON v. SILO et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. APPEAL—REVIEW—PRESUMPTIONS—DISMISSAL—PLEADING—CONSTRUCTION.

On appeal from a judgment dismissing the complaint as insufficient, plaintiff is entitled to the most favorable construction of its allegations, and to the benefit of all that is directly or inferentially charged.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3702.]

2. FRAUD—COMPLAINT—SUFFICIENCY.

A complaint alleged that defendants, who were auctioneers engaged in selling certain chattel property, agreed with plaintiff that, if he would buy certain goods at the sale and take them to another town, defendants would go there, and sell them at auction, and that, relying upon this agreement, plaintiff bought a quantity of goods and made a large cash deposit, after which defendants refused either to turn the goods over to him or to return the deposit. It was further alleged that defendants refused to go to the town to which the goods were to be sent to be sold at auction, and that all the statements of defendants were false when made, and were intended to cheat and defraud plaintiff and deprive him of his money. *Held* that, as against a motion to dismiss, the complaint was sufficient to show that defendants obtained plaintiff's money by fraud.

Appeal from Trial Term.

Action by Edmund Rawson against James P. Silo and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

See 93 N. Y. Supp. 416.

This is an appeal from a judgment dismissing the plaintiff's complaint upon his opening the case to the jury. The complaint alleges that the defendants were auctioneers, and were selling the chattel property in the Hotel Bristol in the city of New York, and that plaintiff while attending said sale became acquainted with the defendants, and it was agreed between them that such goods as the plaintiff might buy at said sale should be taken to Saratoga Springs, and the defendants would come there and manage and conduct an auction sale of said property; the defendants and the plaintiff to share equally in the profits of said business venture. Relying upon said contract and the promise of the defendants to auction said goods, the plaintiff bought a quantity of goods at the said auction, and the defendants struck off to him various other goods upon which he did not bid, stating to him that it was best that said articles should be taken to Saratoga, and sold with the other property. The plaintiff made a large cash deposit upon the goods purchased by him, and was to pay the balance of the purchase price when the goods were delivered to him. After having purchased a sufficient quantity of said goods, he asked for a bill of the same, which defendants refused to give him. He then demanded the return of his money

or the delivery of the goods, which they refused, and thereupon the defendants stated that they would not go to Saratoga and auction off said goods; that the statements of defendants that they would go to Saratoga and auction off the goods were false when made, and known to the defendants to be so, but were made with the intent to cheat and defraud the plaintiff, and said statements and all the acts of the defendants were part of an illegal and fraudulent scheme of the defendants to cheat and defraud the plaintiff, and to deprive him of his money, and the striking off of the various goods to the plaintiff which he did not bid upon was done with the like intent; that the plaintiff had demanded a return of his money, which had been refused.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Rockwood & Salisbury (Nash Rockwood, of counsel), for appellant.
Edgar T. Brackett (William S. Ostrander, of counsel), for respondents.

JOHN M. KELLOGG, J.　The complaint having been dismissed as insufficient, the plaintiff is entitled to the most favorable construction of its allegations, and to the benefit of all that is directly or inferentially charged, or that may fairly be inferred from its allegations.　Ellsworth v. Agricultural Society, 99 App. Div. 119, 91 N. Y. Supp. 1040.　So read, the complaint shows that the defendants obtained the plaintiff's money by a trick, and by entering into an agreement with him which they never intended to fulfill; that the transaction upon their part was a fictitious scheme, intended solely to obtain the plaintiff's money.　The allegation of the making of the deposit, the refusal of the bill, and that thereupon the defendants refused to go to Saratoga and auction the goods, fairly appear to be a part of the same transaction, and for the purposes of the motion under review we should assume that at the time of paying the money the plaintiff immediately demanded a bill of the goods, which was then refused, and that then, as a part of the transaction of the payment of the money, the defendants, with the money in their possession, declared that they would not go to Saratoga and auction off the goods.　The question argued and embraced in the motion for a dismissal, as to whether fraud could be predicated upon a breach of the agreement to go to Saratoga and auction the goods, it being of a promissory character rather than a representation as to an existing fact, is not necessarily here.　The defendants obtained the plaintiff's money by a contract which, immediately upon receipt of the money, they, as a part of the fraudulent scheme, refused to fulfill on their part.　That gave the defendants no title to the money, and the plaintiff was entitled to its return upon the demand then made.　Treating it as one transaction, the defendants had no more right or title to the money than if they had snatched it from plaintiff's possession.　The plaintiff was not called upon to take the goods to Saratoga, and to request the defendants to come and auction them off, for the reason that the defendants never intended to go, and had in advance repudiated their agreement and refused to go, and the removal of the goods to Saratoga and a subsequent demand would have been unnecessary formalities.　The defendants obtained possession of the plaintiff's money by a trick, and at

the very time of obtaining it refused to carry out the contract upon their part, and deprived themselves of any right to keep the money. The plaintiff was therefore entitled to recover it.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.